UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:11-CV-440-H

CAPITAL DELIVERY, LTD.                                                                         PLAINTIFF

v.

PJ COMN ACQUISITION CORP., ESSENTIAL
PIZZA, INC., BRIAN Q. MILLS, and
H. CLIFFORD HARRIS                                                                         DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Capital Delivery, LTD., a wholly-owned subsidiary of Papa John's International, Inc., sued Defendants PJCOMN Acquisition Corp., Essential Pizza, Inc., Brian Q. Mills and H. Clifford Harris (collectively "Defendants") for a judgment on a promissory note. Capital Delivery provided a $1.25 million line of credit to Essential Pizza to help finance the acquisition of PJ COMN and its eighty-two Papa John's franchises in Colorado and Minnesota. Plaintiff alleges that Defendants failed to make required payments and now the principal balance and interest charges are due. Plaintiff filed this claim to collect the amounts due and Defendants have moved to dismiss the claim for improper service of process, Fed R. Civ P. 12(b)(5), and to dismiss or stay the claim pursuant to *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).

Capital Delivery served a copy of the Complaint and a summons to each defendant by restricted certified mail. Signed receipts indicate Defendants received these mailings. However, Defendants argue this service of process was defective because it did not comply with Ky. Rev. Stat. § 454.210(3), Kentucky's long-arm statute. That statute provides:

> "When personal jurisdiction is authorized by this section, service of process may be made on such person, or any agent of such person, in any county in this Commonwealth, where he may be found, or on the Secretary of State who, for this purpose, shall be deemed to be the statutory agent of such person;"

Ky. Rev. Stat. Ann. § 454.210(3)(a) (LexisNexis 2010).  Defendants contend that Plaintiff did not follow either of the permissible methods of serving process under the statute: personal service on a party or party's agent found in Kentucky or service on a nonresident through the Secretary of State.  *See Haven Point Enters., Inc. v. United Kentucky Bank, Inc.*, 690 S.W.2d 393, 394 (Ky. 1985) (noting service through Secretary of State or "a statutory agent duly appointed and available within the state" are alternate methods of obtaining personal jurisdiction).  Defendants want the Complaint dismissed because Plaintiff failed to adhere to the long-arm statute's requirements.

Plaintiff does not argue that it complied with the long-arm statute's service-of-process provisions; instead, it claims such compliance is unnecessary.  Plaintiff argues that its service of process was proper under Fed. R. Civ. P. 4(e)(2) and 4(h), which allows "delivering a copy of the summons and the complaint to the individual personally" or to an authorized agent.  In its view, service through the Secretary of State was "not the only method of service" permissible.

The problem with Plaintiff's argument is that it relies on some parts of Rule 4 but ignores other parts.  Undoubtedly, Plaintiff's method of service on the individual defendants complied with Rule 4(e) and its service on the corporate defendants followed Rule 4(h).  What Plaintiff ignores is Rule 4(k), which places territorial limits on effective service.  Generally, service of process can only be effective on a defendant who would be "subject to the jurisdiction of a court of general jurisdiction in the state where the [federal] district court is located."  Fed. R. Civ. P. 4(k)(1)(A).  Thus, "[a] court has personal jurisdiction over a defendant if the defendant is

amenable to service of process under the state's long-arm statute," which typically defines the reach of a state court's jurisdiction over nonresidents. *Michigan Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 954 F.2d 1174, 1176 (6th Cir. 1992).

Plaintiff acknowledges that Kentucky's long-arm statute provides the Court's personal jurisdiction over Defendants. As noted above, that statute prescribes two specific methods for serving process to effectuate such jurisdiction – personal service on a party or agent within the state or service through the Secretary of State. Rule 4(k) incorporates Kentucky's long-arm statute whenever that statute is the basis for asserting jurisdiction over a defendant. Capital Delivery cannot rely on the long-arm statute for personal jurisdiction if it did not properly make service of process under that statute. The Court finds Plaintiff's method of serving process was defective.

However, the Court's finding does not require dismissal of the Complaint, as Defendants request. Rule 4(m) requires process to be served within 120 days of the filing of the Complaint, but allows a district court to extend this time period, even absent a showing of good cause as to why process has not been served. *John W. Stone Oil Distrib., LLC v. PBI Bank, Inc.*, No. 3:09-CV-862-H, 2010 WL 3221800, at *1 (W.D. Ky. Aug. 12, 2010) (citing *Stewart v. Tennessee Valley Authority*, 238 F.3d 424, 2000 WL 1785749 (6th Cir. Nov. 21, 2000) (table opinion)); *see also Henderson v. United States*, 517 U.S. 654, 662 (1996) (noting in dicta the 1993 amendments to the Federal Rules gave courts "discretion to enlarge the 120-day period 'even if there is no good cause shown'") (quoting Advisory Committee's Notes on Fed. R. Civ. P. 4, 28 U.S.C.App., p.654). Strict adherence to service-of-process rules is a plaintiff's responsibility and non-compliance can warrant dismissal in some circumstances. Here, however, Capital Delivery's

defective service does not appear to have prejudiced Defendants. Absent any prejudice to Defendants, the Court will allow Plaintiff thirty days from the date of this order to properly serve process.

Defendants may resubmit their motion to dismiss or stay proceedings under *Colorado River* upon proper service of process by Plaintiff.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss for insufficient service of process is DENIED.

IT IS FURTHER ORDERED that Plaintiff has thirty days from the date of this order to properly serve process on each defendant.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss, or in the alternative to stay proceedings, is REMANDED from the docket but may be resubmitted if Plaintiff cures the defective service of process.

cc:   Counsel of Record